UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE W. GILLIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:16-cv-11451-ADB |
| | * | |
| WILLIAM CHASE, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

On July 12, 2016, Plaintiff George Gillis filed a complaint in the instant case. [ECF No.

1]. Defendant William Chase moved to dismiss the complaint on December 2, 2016 [ECF No.

10] and Plaintiff filed an opposition on February 6, 2017 [ECF No. 23]. For the reasons stated

herein, Defendant's motion to dismiss is GRANTED.

I.    BACKGROUND

In evaluating a motion to dismiss, the Court accepts all factual allegations in the

complaint as true and construes all reasonable inferences in the plaintiff's favor. Alt. Energy, Inc.

v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). While a court may not

ordinarily consider documents outside the complaint when evaluating a motion to dismiss,

consideration of official public records, including court filings, is permissible. Id. The following

facts are drawn from the complaint and supplemented as necessary by pleadings filed in this

Court under case numbers 11-cv-10736 and 12-cv-12043.[1]

---

[1] For clarity, the pleadings filed in Gillis v. Keating, No. 11-cv-10736, will be referred to as
"Gillis I, ECF No. __" and the pleadings filed in Gillis v. Clark, No. 12-cv-12043, will be
referred to as "Gillis II, ECF No. __." The present case will be referred to as "Gillis III."

On December 9, 2008, while operating a multi-wheeled truck to remove rock and debris from a construction site in Westwood, Massachusetts, Plaintiff struck and fatally injured Edward Hansen, who had been videotaping the excavation. Mr. Hansen was transported to the Caritas Norwood Hospital where he was pronounced dead. At the time of the accident, Mr. Hansen was facing away from Plaintiff's truck and not wearing his prescribed hearing aids. Further, Plaintiff's truck was in good working order and equipped with all applicable safety features and alarms, including the reverse gear alarm, which was sounding when the accident occurred. Law enforcement officers who responded to the scene determined that Plaintiff was not under the influence of alcohol or narcotics at the time of the accident. Plaintiff was charged with Motor Vehicle Homicide, but acquitted following a trial in the Dedham District Court. See Gillis II, ECF No. 65 at 5.

Thereafter, on April 29, 2011, Plaintiff filed suit against Defendant Chase, who was the Westwood Chief of Police at the time of the accident, and William Keating, who was the Norfolk Country District Attorney. Gillis I, ECF No. 1. In that complaint, Plaintiff alleged that, in knowingly charging him with a crime unsupported by probable cause, the defendants violated his rights to due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Id. ¶ 20. In response, Mr. Keating filed a motion to dismiss and a memorandum of law in support, Gillis I, ECF Nos. 6, 7, and Defendant Chase filed a motion for judgment on the pleadings, or in the alternative, for summary judgment and a memorandum of law in support, Gillis I, ECF Nos. 14, 15. Plaintiff opposed both motions and requested discovery. Gillis I, ECF Nos. 13, 21. On March 7, 2012, Judge Tauro issued an Order and Memorandum holding that "Plaintiff's claims against [Mr.] Keating must be dismissed on the ground of immunity" and "[t]he facts alleged . . . [were] insufficient to state a plausible claim for

relief against either" Mr. Keating or Defendant Chase. Gillis I, ECF No. 23. Judge Tauro also

denied Plaintiff's request for discovery. Id. at 7. Plaintiff appealed this decision, but he later

voluntarily withdrew the appeal. Gillis I, ECF No. 26; Gillis v. Keating, No. 12-1393 (1st Cir.

Aug. 17, 2012).

On September 12, 2012, Plaintiff filed a second action in the Bristol Superior Court

against Brian Clark, the Chief of Police for the Town of Norton, and Robert Kimball, a member

of the Town of Norton's Board of Selectmen. See Gillis II, ECF Nos. 1-1, 65. This second cause

of action did not concern the December 9, 2008 accident or the related criminal charges.[2] On

November 1, 2012, Mr. Clark and Mr. Kimball removed the case to this Court. Gillis II, ECF No.

1. In connection with this second suit, Plaintiff conducted several depositions.

In the case currently before this Court, hereinafter referred to as Gillis III, Plaintiff

alleges that the facts learned from these depositions "directly relate to the heart of the allegations

set forth . . . in his original Complaint [filed in Gillis I]." [ECF No. 1 ¶ 21]. Plaintiff further

alleges that if he had been afforded discovery in his original action (Gillis I), the case would not

have been dismissed. Plaintiff requests that the judgment entered by Judge Tauro on March 7,

2012, be vacated pursuant to Federal Rule of Civil Procedure 60.

## II.   DISCUSSION

### a.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead "a short and plain

statement of the claim" that provides a defendant with fair notice of what the claim is and the

---

[2] Plaintiff posted signage on his property that asserted that Mr. Clark, Mr. Kimball, and others
were "corrupt." In 2012, Mr. Clark and Mr. Kimball threatened to sue Plaintiff for posting signs
containing disparaging statements about them. In his lawsuit, Plaintiff asserted claims for
violations of his civil rights and intentional infliction of emotional distress, alleging that he felt
threatened by the defendants and feared that they would use their positions of authority to have
him charged with a crime. See Gillis II, ECF No. 65 at 1–8.

grounds upon which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The

complaint need not contain "detailed factual allegations," however, "more than labels and

conclusions, [or] a formulaic recitation of the elements of a cause of action" are required. <u>Id.</u> In

evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well-

pleaded facts and analyzes "those facts in the light most hospitable to the plaintiff's theory, and

drawing all reasonable inferences for the plaintiff." <u>United States ex. rel. Hutcheson v.

Blackstone Med., Inc.</u>, 647 F.3d 377, 383 (1st Cir. 2011). "A suit will be dismissed if the

complaint does not set forth 'factual allegations, either direct or inferential, respecting each

material element necessary to sustain recovery under some actionable legal theory.'" <u>Id.</u> at 384

(quoting <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008)). The factual allegations, when

taken as true, "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>,

550 U.S. at 555.

### b. To the extent Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b), his claims are time-barred.

In the instant complaint, Plaintiff claims he is entitled to relief under Rule 60. [ECF No. 1

at 1]. In his opposition to Defendant's motion to dismiss, Plaintiff clarifies that his claims are

brought pursuant to Rules 60(b), (d)(1), and (d)(3). [ECF No. 24 at 7].

Rules 60(b)(1)–(3) permit "the court [to] relieve a party . . . from a final judgment, order,

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P.

60(b)(1)–(3). Any request for relief under Rules 60(b)(1)–(3) "must be made . . . no more than a

year after the entry of the judgment or order or the date of the proceeding." <u>Id.</u> at 60(c)(1). "By

its own terms, Rule 60(b) applies only to final judgments." <u>United States v. Baus</u>, 834 F.2d 1114, 1118 (1st Cir. 1987). A judgment is final if it is appealable. <u>Id.</u> at 1119 (citing <u>Solaroll Shade and Shutter Corp. v. Bio-Energy Systems, Inc.</u>, 803 F.2d 1130, 1131 (11th Cir. 1986)). "[A]n appealable final judgment is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" <u>Id.</u> (quoting <u>Stringfellow v. Concerned Neighbors in Action</u>, 480 U.S. 370, 375 (1987)).

Here, Plaintiff seeks to vacate the judgment entered on March 7, 2012, when Judge Tauro entered an Order dismissing his prior action. <u>See</u> <u>Gillis I</u>, ECF No. 22. At that point, there was "nothing [left] for the court to do but execute the judgment." <u>See</u> <u>Baus</u>, 834 F.2d at 1119. As such, the one year limitations period for bringing an action pursuant to Rules 60(b)(1)–(3) began on March 7, 2012, and expired on March 7, 2013. Fed. R. Civ. P. 60(c)(1); <u>see</u> <u>Rosaura Bldg. Corp. v. Municipality of Mayaguez</u>, 778 F.3d 55, 64 (1st Cir. 2015) (finding the one-year limitations period for a Rule 60(b) motion ran from the date "judgment . . . was entered by the district court"); <u>Dankese Eng'g, Inc. v. Ionics, Inc.</u>, 89 F.R.D. 154, 157 (D. Mass. 1981) (holding the limitations period for a motion brought pursuant to Rules 60(b)(1)–(3) expired one year from the district court's final order, not the judgment of the appeals court). Thus, because Plaintiff filed his complaint in <u>Gillis III</u> on July 12, 2016, more than three years after the limitations period expired, his claims under Rules 60(b)(1)–(3) are time-barred.[3]

Rules 60(b)(4) and (b)(5) permit "the court [to] relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment is void" or "has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively

---

[3] Defendant points out that even assuming *arguendo* that Plaintiff had one year from the date he discovered the evidence, the claim would still be time-barred because the depositions yielding the evidence were conducted on or before September 3, 2013. Thus, the one-year limitations period would have expired on September 3, 2014 at the latest.

is no longer equitable." Fed. R. Civ. P. 60(b)(4), (5). "A judgment is void, and therefore subject to relief under Rule 60(b)(4), *only* if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990) (citing V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979)). Here, this Court properly had jurisdiction over Plaintiff's prior action because Plaintiff brought claims under 42 U.S.C. § 1983. See Gillis I, ECF No. 1 at ¶¶ 21–24. Further, Plaintiff makes no showing that the "prior judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). As such, Plaintiff cannot be afforded relief pursuant to Rule 60(b)(4) or (b)(5).

Rule 60(b)(6) is a catchall provision that permits "the court [to] relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Unlike Rules 60(b)(1)–(3), which are subject to a strict one-year statute of limitations period, the timeliness of a motion under Rule 60(b)(6) is judged by the less stringent "reasonable time" standard. Id. at 60(c)(1). To warrant relief under Rule 60(b)(6), a plaintiff must show that the motion "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988). Here, Plaintiff's claims are predicated on the allegations that if he had "been afforded the opportunity to conduct the barest of discovery" his initial action would not have been dismissed, [ECF No. 1 ¶ 21], and that Defendant committed fraud when he denied Plaintiff's allegations and moved for a judgment on the pleadings, [ECF No. 24 at 7]. Thus, because Plaintiff's motion is premised on newly discovered evidence, a ground for relief enumerated in Rule 60(b)(2), and fraud, a ground for relief enumerated in Rule 60(b)(3), relief is not available under Rule 60(b)(6). Liljeberg, 486

U.S. at 863.[4]

### c. To the extent Plaintiff seeks relief under Federal Rule of Civil Procedure 60(d)(1), his claims are time-barred.

Plaintiff also seeks to defeat dismissal by asserting that <u>Gillis III</u> has been brought

pursuant to Rule 60(d)(1). [ECF No. 24 at 7]. Rule 60(d)(1) provides that Rule 60 "does not limit

a court's power to . . . entertain an independent action to relieve a party from a judgment, order,

or proceeding." Fed. R. Civ. P. 60(d)(1). "[D]espite the apparent openness of this final provision,

where the body of the Rule contains an explicit time limitation for motions invoking specified

grounds for relief, it would make no sense to apply the final general provision, containing no

limit of time, so broadly as to cover all the grounds for which the time limit is expressly stated."

<u>George P. Reintjes Co. v. Riley Stoker Corp.</u>, 71 F.3d 44, 46–47 (1st Cir. 1995). Thus, because

Plaintiff's claims fall squarely within Rules 60(b)(2)–(3), he cannot escape the limitations period

of Rule 60(c)(1) simply by bringing an "independent action" under Rule 60(d)(1).

### d. To the extent Plaintiff seeks relief under Federal Rule of Civil Procedure 60(d)(3), his allegations do not rise to the level of "fraud on the court."

Plaintiff also seeks to defend against dismissal by asserting that this action has been

brought pursuant to Rule 60(d)(3). [ECF No. 24 at 7]. Rule 60(d)(3) provides that Rule 60 "does

not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P.

60(d)(3). To state a claim of "fraud on the court" a Plaintiff must demonstrate, by clear and

---

[4] Even assuming *arguendo* that Plaintiff's claims are "not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)," <u>Liljeberg</u>, 486 U.S. at 863, the Court finds that <u>Gillis III</u>, which was filed more than four years after the challenged judgment was entered and over twenty-one months after the depositions yielding Plaintiff's newly discovered evidence were held in <u>Gillis II</u>, was not filed within a "reasonable time" as required by Rule 60(c)(1). <u>See</u> <u>Cotto v. United States</u>, 993 F.2d 274, 280 (1st Cir. 1993) (holding that what is reasonable for purposes of a motion brought pursuant to Rule 60(b)(6) "depends on the circumstances" and "may be *more or less* than the one-year period established for filing motions under Rule 60(b)(1)–(3)").

convincing evidence, "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). Such a scheme must involve "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." Jackson v. Thaler, 348 Fed. App'x 29, 34 (5th Cir. 2009).

Here, Plaintiff's claim of fraud is based on Defendant's actions in denying the allegations of Plaintiff's original complaint and moving for a judgment on the pleadings. [ECF No. 24 at 7]. These facts, taken as true, do not rise to the level of the "unconscionable scheme" required under Rule 60(d)(3). As Plaintiff has failed to allege specific facts sufficient to state a claim of "fraud on the court," his request for relief under Rule 60(d)(3) also fails.

### e. Plaintiff fails to state a claim upon which relief can be granted.

Finally, putting aside the defects of Plaintiff's claims under Rule 60, and taking into account the newly discovered evidence presented in Plaintiff's Complaint, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff brought his prior action under 42 U.S.C. § 1983, see Gillis I, ECF No. 1 ¶¶ 21–24, alleging that Defendant violated his rights to due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by knowingly charging him with a crime unsupported by probable cause, id. ¶ 20. Section 1983 provides "a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." Mead v. Indep. Ass'n, 684 F.3d 226, 231 (1st Cir. 2012). "In order to make out a viable claim under § 1983, 'a plaintiff must show both that the conduct complained of transpired under color of state

law and that a deprivation of federally secured rights ensued.'" Id. Evaluation of a procedural due process violation requires a two-step inquiry to "determine whether [Plaintiff] was deprived of a protected interest, and, if so, what process was his due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982).

Here, Plaintiff argues that his due process rights were violated when Defendant charged him with a crime unsupported by probable cause. Specifically, Plaintiff asserts that Defendant's charging decision was based on conversations he had with the Norton Chief of Police regarding Plaintiff's issues with the Town of Norton. Although the complaint contains no factual support for this bald assertion, "an arresting officer's state of mind . . . is irrelevant to the existence of probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004). Furthermore, the record shows Plaintiff was afforded a probable cause hearing in the Dedham District Court where he was permitted to challenge the evidence against him, including testifying himself. See Gillis I, ECF No. 15-1. At the conclusion of the hearing, an Assistant Clerk-Magistrate determined that probable cause existed to charge Plaintiff with Motor Vehicle Homicide. Id. This finding of probable cause by a neutral and detached magistrate establishes that there was probable cause to support Defendant's charging decision, thus requiring that the complaint be dismissed even absent the procedural and timing deficiencies.

## III.    CONCLUSION

Accordingly Defendant's motion to dismiss [ECF No. 10] is GRANTED.

**SO ORDERED.**

April 27, 2017                                      /s/ Allison D. Burroughs
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE